IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES L. WAYNE,<br><br>    Plaintiff,<br><br>  vs.<br><br>SARPY COUNTY JAIL, Accounting Dept.; SARPY COUNTY JAIL-COMMISSARY VENDOR, SARPY COUNTY JAIL-INMATE TABLET PROVIDER, DOUGLAS COUNTY DEPT. OF CORRECTIONS, Accounting Dept.; KEEFE COMMISSARY NETWORK, SMART COMMUNICATIONS, Inmate Tablet Provider; SARPY COUNTY, NEBRASKA, CITY OF BELLEVUE, NEBRASKA, DOUGLAS COUNTY, NEBRASKA, and CITY OF OMAHA, NEBRASKA,<br><br>    Defendants. | 8:24CV379<br><br>MEMORANDUM AND ORDER |

  Plaintiff James L. Wayne ("Plaintiff" or "Wayne") filed his Complaint while he was in the custody of the Douglas County Department of Corrections ("DCDC"). Filing No. 1 at 1, 16. On November 13, 2025, Plaintiff filed a notice of Change of Address, indicating he was incarcerated in the Omaha Correctional Center in the custody of the Nebraska Department of Correctional Services ("NDCS"). *See* Filing No. 20 at 2. The NDCS' online inmate records confirm that Plaintiff remains in NDCS custody at the Omaha Correctional Center. *See* https://dcs-inmatesearch.ne.gov/Corrections/COR_input.jsp (last visited Dec. 22, 2025). The Court now conducts an initial review of Plaintiff's

Complaint, Filing No. 1, to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF THE COMPLAINT

Construed liberally, Plaintiff brings this action under 42 U.S.C. § 1983 for violations of his civil rights. Plaintiff does not list any defendants in the caption, but, in his Form Pro Se 1, Complaint for a Civil Case, he lists several divisions of the Sarpy County Jail, including the Accounting Department, the Commissary Vendor, and the Inmate Tablet Provider. Filing No. 1 at 2. Plaintiff also lists the DCDC; Keefe Commissary Network; Smart Communications/Inmate Tablet Provider; Sarpy County, Nebraska; the City of Bellevue, Nebraska; Douglas County, Nebraska; and the City of Omaha, Nebraska. Filing No. 1 at 2-3.

Plaintiff alleges that, on December 27, 2023, he was taken into custody by the Bellevue City Police Department and transported to the Sarpy County Jail. Filing No. 1 at 9. During booking, Plaintiff was given a tablet and told that "all communications about anything must be done via this device." *Id.* At that time, Plaintiff was not instructed on how to use the tablet but was eventually shown how to purchase commissary via the tablet. *Id.* He was able to make $50 in commissary purchases via the tablet. *Id.*

Several weeks later, Plaintiff was transported to Douglas County Jail. *Id.* He was not granted a refund for his commissary purchases and was threatened by Sarpy County Staff. *Id.* Upon arrival at Douglas County Jail, Plaintiff attempted to discuss the commissary orders with staff at the Douglas County Jail. *Id.* Staff was indifferent and eventually made physical threats against Plaintiff. *Id.*

Plaintiff claims the Sarpy County Jail violated his Eighth Amendment right to be free from cruel and unusual punishments by failing to train Plaintiff

2

on how to use the tablet. Filing No. 1 at 10. He alleges "Defendant" violated his Fourth, Fifth, and Seventh Amendment rights by seizing Plaintiff's personal property, denying Plaintiff's request for remedy, and by threatening Plaintiff with physical violence. Id. Plaintiff alleges "Defendant" further violated his First, Seventh, and Eighth Amendment rights by failing to redress the situation "while the circumstances were fresh." Id.

Plaintiff also alleges that Defendants, collectively, are "married" into an out-of-state corporation to thwart their liability. Id. at 11. He alleges Defendants have turned their jobs and themselves over to artificial intelligence. Id. Plaintiff states that documentary evidence to support these claims are mainframed in Florida and must be requested by the Court. Id.

Plaintiff seeks damages including commissary costs for medication, postage, and paper. Id. at 14. He also seeks $1,000,000 in additional damages and a subpoena requesting evidence from Defendants' data banks. Id.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs

on how to use the tablet. Filing No. 1 at 10. He alleges "Defendant" violated his Fourth, Fifth, and Seventh Amendment rights by seizing Plaintiff's personal property, denying Plaintiff's request for remedy, and by threatening Plaintiff with physical violence. Id. Plaintiff alleges "Defendant" further violated his First, Seventh, and Eighth Amendment rights by failing to redress the situation "while the circumstances were fresh." Id.

Plaintiff also alleges that Defendants, collectively, are "married" into an out-of-state corporation to thwart their liability. Id. at 11. He alleges Defendants have turned their jobs and themselves over to artificial intelligence. Id. Plaintiff states that documentary evidence to support these claims are mainframed in Florida and must be requested by the Court. Id.

Plaintiff seeks damages including commissary costs for medication, postage, and paper. Id. at 14. He also seeks $1,000,000 in additional damages and a subpoena requesting evidence from Defendants' data banks. Id.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs

must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

As his basis for jurisdiction, Plaintiff alleges only that Defendants violated his constitutional rights. *See* Filing No. 1 at 4, 14. Thus, liberally construing Plaintiff's Complaint, this is a civil rights action filed under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Against Sarpy County and Douglas County

Plaintiffs' claims against Douglas County and Sarpy County must be dismissed. To prevail on a claim against a county, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

Plaintiff's Complaint does not contain any facts from which it might reasonably be inferred that Douglas County or Sarpy County had an unconstitutional policy or custom which caused the alleged violations of Plaintiff's rights. *Crumpley Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom."); *see also Iqbal*, 556 U.S. at 679 ("[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff alleges only that unnamed staff failed to train him how to use the inmate tablet, that unnamed staff members failed to address his grievances, and that unnamed staff members threatened physical violence against Plaintiff. None of these allegations suggest they arose from a policy or custom of either county. Accordingly, any claims against Douglas County and Sarpy County are subject to dismissal.

## B. Claims Against Sarpy County Jail and Douglas County Department of Corrections

Defendant Douglas County Department of Corrections and the Sarpy County Jail (and each of the departments Plaintiff names) must be dismissed from this action without prejudice because they are not distinct legal entities subject to suit. *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (unpublished) (county jail and sheriff's department not legal entities subject to suit) (collecting cases); *Mixon v. Omaha Police Dep't Officers*, No. 8:17CV325, 2019 WL 2143882, at *2 (D. Neb. May 16, 2019) (county department of corrections not distinct legal entity subject to suit) (collecting cases); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"). Accordingly, any claims against the Douglas County Department of Corrections and the Sarpy County Jail (and each of the named departments of the Sarpy County Jail) must be dismissed.

## C. Claims Against Remaining Defendants

Plaintiff does not indicate how any of the other Defendants were directly involved in the broadly described allegations in the Complaint. A complaint that only lists a defendant's name in the caption without alleging that the defendant was involved in the alleged misconduct fails to state a claim against that defendant. *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"). Plaintiff only states that "each cited Defendant either had a direct hand in harming Plaintiff or by indirectly doing the work of voting in

creating this detrimental infrastructure." Filing No. 1 at 15. These allegations fall far short of identifying the role of any Defendant, let alone allege any constitutional wrongdoing. Accordingly, even under the liberal pleading standard afforded pro se plaintiffs, the Complaint fails to state a claim.

## IV. CONCLUSION

In its present form, Plaintiff's Complaint fails to state a claim against any Defendant. However, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states a claim. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must set forth all of Plaintiff's claims (and any supporting factual allegations) against each Defendant. Plaintiff should be mindful to explain in his amended complaint what each Defendant did to him, when each Defendant did it, and how each Defendant's actions harmed him. Plaintiff shall make every effort to name the Defendants by first and last name so that service of process can occur, if warranted.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **January 22, 2026**—amended complaint due.

Dated this 22nd day of December, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge