IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES L. WAYNE,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>DOUGLAS COUNTY DEPT. OF CORRECTIONS, Accounting Dept.; KEEFE COMMISSARY NETWORK, SMART COMMUNICATIONS, Inmate Tablet Provider; RYAN MEHR, Director et al Sarpy County Jail; MICHAEL MYERS, Director et al Douglas County Dept. of Corrections; CORRECTIONAL OFFICERS, JOHN DOE(S), and JANE DOE(S),<br><br>　　　　　　Defendants. | 8:24CV379<br><br>**MEMORANDUM AND ORDER** |

　　This matter is before the Court on Plaintiff James L. Wayne's amended complaint filed on January 22, 2026. Filing No. 1. Plaintiff was granted leave to pursue this case in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

### I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

　　The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF AMENDED COMPLAINT

Plaintiff sues the Douglas County Department of Corrections (DCDC), Keefe Commissary Network, Smart Communications, Ryan Mehr, Director of the Sarpy County Jail; Michael Myers, DCDC's Director; and Jane and John

Doe, Correctional Officers. Plaintiff's amended complaint, liberally construed, alleges as follows.

Plaintiff was taken into custody on December 27, 2023, by the Bellevue City Police. Filing 22 at 1. During booking at the Sarpy County Jail, Plaintiff was given a tablet to be used for "all communications with anyone" at the facility. Filing 22 at 2.

Using the tablet, Plaintiff ordered $50 worth of items and videos from the commissary, but before he received his purchases, he was transferred to the DCDC. During that transfer, Plaintiff asked the Sarpy and Douglas County booking officers about the commissary items he purchased and his money. He submitted multiple requests and demands to no avail. His repeated demands eventually prompted officers to respond with threats of violence. Filing 22 at 2.

Myers initiated shakedowns at DCDC that were performed over a nine-month period. All paper was confiscated except pages with phone numbers. The collection of all paper was ostensibly done to limit the presence of synthetic drugs in the jail. Filing 22 at 4, 6. After Plaintiff filed this lawsuit, housing units were repeatedly placed on quarantine, escalating the destruction of property and paper. Filing 22 at 6. As part of those shakedowns, in January and February 2025, officers confiscated and destroyed Plaintiff's papers, legal work, and a copy of his complaint. Filing 22 at 4.

Myers had outsourced departments and services within DCDC to Smart Communications, a tablet provider, and Keefe Commissary Network. Filing 22 at 3. Smart Communications is not a reliable entity for storing and retrieving data that may be useful in litigation. Filing 22 at 6-7.

Mehr and Myers are responsible for properly training their respective staffs. Filing 22 at 3. They have knowingly harmed Plaintiff's interests "by

3

implementing a service that illegally regulates, dictates, and deletes data" useful as evidence in court. Filing 22 at 4. Information collected and conveyed by tablet does not follow inmates to their next facility. Plaintiff claims that due to the use of electronic communications by tablet, he cannot establish a "paper trail" for litigation because the defendants have destroyed the paper and when Plaintiff requested copies of his grievances, the defendants declined or refused to answer his requests. Filing 22 at 4, 6-7.

Plaintiff demands damages and an injunction "barring the Defendant policies [of] taking [and] destroying property and money," thereby denying his constitutional rights by preventing litigation and his use of the commissary. Filing 22 at 8. He further demands a subpoena duces tecum for evidence stored on the tablet, jail audios and videos, and paper documents relevant to his case. Filing 22 at 8.

### III. DISCUSSION

To recover under 42 U.S.C. § 1983, Plaintiff must show "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999).

#### A. Keefe Commissary Network and Smart Communication

Plaintiff sues Keefe Commissary Network and Smart Communication, which are private, not governmental, entities. When considering liability under 42 U.S.C. § 1983, a private entity can be considered a state actor "in a few limited circumstances—including, for example, (i) when the private entity performs a traditional, exclusive public function, (ii) when the government compels the private entity to take a particular action, or (iii) when the government acts jointly with the private entity." *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019) (internal citations omitted). The

state-actor question is a "necessarily fact-bound inquiry." *Doe v. N. Homes, Inc.*, 11 F.4th at 637 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982)). The court considers whether the claimed deprivation resulted from the exercise of a right or privilege having its source in state authority, and whether under the facts of this case, it is appropriate to consider the private entity as a state actor. *Id.* at 637-38.

Plaintiff has alleged no facts explaining what specific services Keefe Commissary Network and Smart Communication provided at DCDC. Plaintiff has therefore failed to allege facts showing these entities were state actors for the claims raised in his amended complaint. And even had Plaintiff sufficiently alleged Keefe Commissary Network and Smart Communication acted under color of state law, he alleges no facts indicating what, specifically, they did or how that conduct violated Plaintiff's constitutional rights. Plaintiff has failed to state a § 1983 claim against Smart Communications and Keefe Commissary Network.

### B. DCDC and the Sarpy County Jail

As the Court previously stated, DCDC is not a distinct legal entity subject to suit. Filing 21 at 6 (citing *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (unpublished) (county jail and sheriff's department not legal entities subject to suit) (collecting cases); *Mixon v. Omaha Police Dep't Officers*, No. 8:17CV325, 2019 WL 2143882, at *2 (D. Neb. May 16, 2019) (county department of corrections not distinct legal entity subject to suit) (collecting cases); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such")). Any claims against DCDC must be dismissed.

Plaintiff also sues Mehr and Myers as directors of their respective jail facilities. A lawsuit against a public employee in his official capacity is a suit

against the public employer. C*ampbell v. State of Iowa, Third Jud. Dist. Dep't of Corr. Serv.*, 702 F.3d 1140, 1141 (8th Cir. 2013) (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir.1999)). So, Plaintiff's claims against Myers, in his official capacity, are claims against Douglas County, and his claims against Mehr, in his official capacity, are claims against Sarpy County.

To prevail on a claim against the counties, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). Plaintiff appears to be claiming the elimination of paper in inmate cells and using tablets rather than paper for DCDC documentation eliminated his ability to retrieve and accumulate documents for proving his § 1983 claim. Even assuming these acts were performed pursuant to policies, Plaintiff has failed to state a constitutional claim.

Plaintiff claims his legal papers were taken, including a copy of the amended complaint in this case, as part of an endeavor to remove paper from inmate cells. However, an allegation that legal papers were taken does not, in and of itself, state a claim for denial of access to the courts. An inmate claiming lack of access to the courts must show how the defendant's conduct hindered his efforts to pursue a legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Kendrick v. Faust*, 682 F. Supp. 2d 932 (E.D. Ark. 2010). Plaintiff does not allege such facts, and as evidenced by his amended complaint, Plaintiff was able to continue his litigation efforts after his legal papers were confiscated.

Plaintiff claims the frequency of quarantine and confiscation of paper escalated after he filed his lawsuit. Plaintiff may be attempting to allege a First Amendment retaliation claim. To allege a § 1983 claim for retaliation in

6

violation of the First Amendment, Plaintiff's complaint must state facts showing "(1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Spencer,* 738 F.3d at 911 (quoting *Revels v. Vincenz,* 382 F.3d 870, 876 (8th Cir.2004)). The First Amendment is violated when a state actor uses retaliatory conduct to discourage others from exercising their First Amendment rights. The retaliatory conduct itself need not also be unconstitutional. *Id.*

Filing an inmate lawsuit is protected First Amendment activity. *Lewis v. Jacks,* 486 F.3d 1025, 1029 (8th Cir. 2007). But Plaintiff's amended complaint does not sufficiently allege facts showing a causal connection between Plaintiff's lawsuit and the frequency of imposing quarantines and confiscating paper.

As to DCDC's goal of eliminating paper, Plaintiff focuses on his inability to establish a "paper trail," claiming the use of tablets deprives him of documentation he needs to litigate this case. But even if the Court assumes Plaintiff's electronic files stored on the jails' tablets cannot be obtained during the discovery process, to prove a due process claim for loss or destruction of evidence, Plaintiff must allege facts showing the destroyed or missing evidence was material to his case, and the failure to preserve it was due to bad faith on the part of the government. *Arizona v. Youngblood,* 488 U.S. 51 (1988). Plaintiff's amended complaint does not describe the alleged unavailable evidence or its importance to his claims, and he has alleged no facts showing it is lost, missing, or destroyed due to bad faith conduct by jail personnel.

Plaintiff has not sufficiently alleged he was harmed by any county policies or customs, or by the counties' deliberate indifference in failing to train

or supervise its personnel. Plaintiff's claims against the Sarpy County Jail, DCDC, Douglas County, Nebraska (named herein as DCDC and Myers, in his official capacity), and Sarpy County, Nebraska (named as Mehr, in his official capacity), must be dismissed.

### C. Myers and Mehr, in their individual capacities

Plaintiff has not indicated whether he is suing Myers and Mehr in both their official and individual capacities. If the complaint does not clearly specify whether a defendant is sued in an official or individual capacity, the Court applies the "course of proceedings" test: The fundamental question is whether the course of proceedings puts defendants on notice that they are being sued in their individual capacity and that their personal liability is at stake. *S.A.A. v. Geisler*, 127 F.4th 1133, 1139 (8th Cir. 2025). The inquiry is whether the plaintiff's intention to hold a defendant personally liable can be fairly ascertained by reading the complaint. *Id.*

Plaintiff's amended complaint demands compensatory damages, but he also requests injunctive relief that cannot be provided by Mehr and Myers, in their individual capacities. As to both Myers and Mehr, Plaintiff alleges they were directors of their respective facilities and alleges they have a duty to train and supervise jail personnel. Plaintiff's raises no other allegations against Mehr, and his additional allegations against Myers are limited to claiming Myers introduced tablets into the DCDC facility and implemented measures to confiscate paper. Even liberally construed, the allegations within the amended complaint do not provide notice that Mehr and Myers may be held personally liable if Plaintiff prevails at trial. Plaintiff has therefore sued Mehr and Myers in only their official capacities.

Even had Plaintiff's amended complaint alleged individual capacity claims, there are no allegations explaining what, specifically, Myers and Mehr did or failed to do that caused Plaintiff's alleged harm. To state a § 1983 claim,

a plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). The general supervisory responsibilities of the prison director are not sufficient to establish personal liability under 42 U.S.C. § 1983. *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994) ("[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity."); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability"); *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (holding prison warden was not personally liable for the actions of the prison employees).

Plaintiff's most specific claim—his allegation that he received neither his purchased commissary items nor a refund—is vague. He does not allege that Myers or Mehr (or even which jail) allegedly retained his money or commissary purchases, or facts to show whether the withholding was done negligently, recklessly, or intentionally. Plaintiff has failed to allege facts supporting a claim against Myers, Mehr, or any John or Jane Doe correctional officers, in their individual capacities.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. Even liberally construed, Plaintiff's allegations fail to state a claim that his constitutional rights were violated. The amended complaint must be dismissed.

IT IS ORDERED:

1. This matter is dismissed without prejudice.

2. A separate judgment will be entered.

Dated this 9th day of March, 2026.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge